122

## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth of Virginia

v.

B & B Amusement

February 20, 1990

By JUDGE WILLIAM R. SHELTON

In February of 1989, the Commonwealth, proceeding on a validly executed warrant, searched B & B's place of business. During this search, a personal computer was seized. After the seizure, B & B filed a motion to quash the search warrant and for return of the computer. The Commonwealth indicted B & B and filed a petition seeking the forfeiture of the personal computer. B & B retained possession of the computer by posting bond.

On November 16, 1989, B & B pleaded guilty to the indictment of illegal gambling. After the guilty plea, a hearing on the forfeiture was held wherein the Court, over defendant's objection, adopted the evidence heard on the guilty plea. Defendant moved for a dismissal of the forfeiture on the grounds that the Commonwealth had failed to show that the computer was used "in connection with" an illegal gambling operation.

The defendant argues that the procedure for the forfeiture in this case is controlled by Virginia Code Section 19.2-369 and the case law set out in *Quidley v. Commonwealth*, 190 Va. 1029 (1950). Thus, defendant claims the Court's incorporation of the evidence from the guilty plea was in error and instead a separate civil hearing must be held. Also, defendant argues that the computer merely generated forms that were used to collect funds from a variety of machines. Thus, the computer was not used in connection with an illegal gambling enter-

prise or activity as required under Virginia Code Section 18.2-336.

This Court agrees with defendant that a separate civil hearing must be held on the forfeiture. Chapter 22 of Title 19.2 sets forth detailed procedures for enforcement of forfeitures. The first step in a forfeiture proceeding, filing an information, is set out in Virginia Code Section 19.2-369. This section also gives some guidance to when these procedures should be applied. It states that "if any statute provides for the forfeiture of any property or money, or if any property or money be seized as forfeited for a violation of any of the provisions of this Code, and an efficient mode of *enforcing* the forfeiture is not prescribed in order to enforce the same, attorney for the Commonwealth for the county or city wherein the forfeiture was incurred shall file . . . an information . . . ." Virginia Code § 19.2-369. Thus, Virginia Code Section 19.2-369 indicates that where a statute provides for a forfeiture, the same is to be accomplished by the procedures set forth in Chapter 22, Title 19.2, unless the statute creating the right of forfeiture also contains provisions for enforcement.

Upon reviewing several of the statutes which create forfeitures, the Court finds that these statutes tend to either refer the parties back to Chapter 22 of Title 19.2 for enforcement procedures (*see* Virginia Code Section 18.2-249 and 18.2-322.1) or they set forth their own detailed procedure for forfeiture (*see* Virginia Code Section 4-56).

Based on the language set forth in Virginia Code Section 19.2-369 stating that it applies unless a different mode of enforcing for forfeiture is proscribed, and the statutory scheme evidenced by Virginia Code §§ 4-56, 18.2-249, and 18.2-322.1, this Court feels that it is the legislature's intent that where a statute grants a forfeiture without setting forth provisions for the forfeiture procedure, the procedure in Virginia Code Section 19.2-369 shall govern. The Court requests that the Commonwealth follow the procedures set forth in Chapter 22 of Title 19.2 and that a new trial be held in accord with Virginia Code § 19.2-380.

The Commonwealth has argued that no separate trial is needed and Virginia Code § 19.2-369 does not apply

because there is language in Virginia Code § 18.2-336 which sets forth a procedure for forfeiture. The language in § 18.2-336 that the Commonwealth is referring to states that forfeiture shall be by order of the court in which a conviction under this article is obtained. This Court disagrees with the Commonwealth's interpretation of the above language. Virginia Code § 19.2-369 which calls for a separate trial where a forfeiture is claimed states that it applies in *all* forfeitures unless the statute creating the forfeiture provides enforcement provisions for that forfeiture. The language quoted above from Virginia Code § 18.2-336 does not set forth a "procedure for enforcement" as contemplated by the language in Virginia Code Section 19.2-369.

Based on this Court's ruling on defendant's first argument, his second contention that the Commonwealth did not show the computer was used in connection with an illegal gambling operation need not be addressed.